UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYRONE SPEARS, :<br>    Plaintiff, : | |
|     : | |
| v. : | Case No. 3:20cv1652 (MPS) |
|     : | |
| NEW HAVEN POLICE DEP'T, ET AL. :<br>    Defendants. : | |

## RULING ON SECOND AMENDED COMPLAINTS

The plaintiff, Tyrone Spears, is currently confined at Brooklyn Correctional Institution in Brooklyn, Connecticut ("Osborn"). He has filed two second amended complaints against the New Haven Police Department and New Haven Police Officer John Doe. *See* Second Am. Compls., ECF Nos. 17, 18. For the reasons set forth below, the Court will dismiss the second amended complaints but will give the plaintiff an opportunity to show why the Fourth Amendment claim should not be dismissed.

**I.     Background**

The plaintiff initiated this action by filing a complaint under 42 U.S.C. § 1983 to assert Eighth Amendment and state law claims against the New Haven Police Department and John Doe arising from his confinement in a maximum-security prison during his May 2019 state criminal trial. *See* ECF No. 1. On December 9, 2020, pursuant to his review of the complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), United States Magistrate Judge Robert M. Spector recommended that the Eighth Amendment claim asserted against the New Haven Police Department and the state law claims for false arrest and false imprisonment be dismissed with prejudice, the Eighth Amendment claim and the state law claims of slander, intentional infliction of emotional distress, and negligent infliction of emotional distress asserted against the

John Doe defendant be dismissed without prejudice, and that the plaintiff be permitted to file an amended complaint to the extent that he sought to pursue the claims that had been dismissed without prejudice. *See* ECF No. 11 (Recommended Ruling). On December 30, 2020, I adopted Magistrate Judge Spector's recommended ruling in all respects. *See* ECF No. 13.

On December 29, 2020, the plaintiff filed an amended complaint asserting Eighth and Fourteenth Amendment claims and a state law claim against the New Haven Police Department and five John Doe New Haven Police Officers arising from his arrest and prosecution on multiple criminal charges and his acquittal of those charges in May 2019. *See* ECF No. 12. On January 8, 2021, pursuant to his review of the complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), United States Magistrate Judge Robert M. Spector recommended that the New Haven Police Department be terminated as a defendant, the Eighth Amendment claim and the state law slander claim asserted against all John Doe defendants and the Fourteenth Amendment claim asserted against the first four John Doe defendants be dismissed with prejudice, and that the plaintiff be permitted to file a second amended complaint to assert claims under the Fourth and Fourteenth Amendments against the fifth John Doe defendant. *See* ECF No. 15 (Recommended Ruling). On February 8, 2021, I adopted, absent objection, Magistrate Judge Spector's ruling recommended ruling in all respects and cautioned the plaintiff that any second amended complaint must set forth facts that demonstrate how the remaining John Doe defendant violated his Fourth Amendment rights to be free from false arrest and malicious prosecution, or other Fourth Amendment rights. *See* ECF No. 16. The plaintiff timely filed two documents, both entitled "second amended complaint", in response to the Court's order.

**II.    Standard of Review**

The Court reviews the amended complaints pursuant to 28 U.S.C. § 1915A(b) which requires dismissal of "any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* In undertaking this review, the Court is obligated to construe complaints and amended complaints "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted).

Although detailed allegations are not required under Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

### III. Factual Allegations

The plaintiff filed the two amended complaints a week apart and both amended complaints include essentially the same allegations. For purposes of this ruling, the Court considers the facts asserted in both second amended complaints.

In 2017, New Haven Police Officer John Doe interviewed the plaintiff in connection with a murder. ECF No. 17 at 3. During the interview, Officer Doe stated that he had eliminated two

3

other suspects because they both had alibis for the date of the murder and that all the evidence pointed to the plaintiff as the shooter. *Id.* at 3, 5. Officer Doe did not provide the plaintiff with anything to eat or drink or permit him to use the bathroom. ECF No. 18 at 6. At the end of the interview, New Haven Police Officer John Doe executed a warrant for the plaintiff's arrest on charges of murder and possession of firearms. ECF No. 17 at 3.

The affidavit submitted by Officer John Doe in support of the arrest warrant included statements that he had received a call from the Federal Bureau of Investigation regarding the plaintiff and a firearm, that he had interviewed two other individuals in connection with the murder but had cleared both individuals as possible suspects because they had alibis for the time of the murder, and that all of the evidence pointed to the plaintiff as the shooter. *Id.* At the plaintiff's state criminal trial in mid-May 2019, Officer John Doe testified that he had only interviewed one of the two potential suspects over the phone and that neither suspect ever come into the station to provide a written statement. *Id.*; ECF No. 18 at 3, 6. Officer Doe also acknowledged that the firearm mentioned in the arrest warrant affidavit was evidence in a federal investigation and was not related to or had not been used in the murder that he had charged the plaintiff with committing. *Id.*; ECF No. 17 at 3. A federal law enforcement officer testified that he had no knowledge of any investigation by the New Haven Police Department of the murder with which the plaintiff had been charged. *Id.* An expert witness testified that the records of the plaintiff's cellular telephone calls indicated that he was not present in the area at the time of the murder. ECF No. 17 at 5.

At the conclusion of the trial, the jury acquitted the plaintiff of all criminal charges. ECF Nos. 17, 18 at 3. The plaintiff experienced severe emotional distress as well as embarrassment,

4

humiliation, and anxiety due to his false arrest and confinement in a prison facility until his acquittal. ECF No. 17 at 4-5; ECF No. 18 at 6.

**IV. Discussion**

The plaintiff asserts false arrest and malicious prosecution claims under the Fourth and Fourteenth Amendments. He also asserts state law claims of intentional and negligent infliction of emotional distress. He sues New Haven Police Officer John Doe in his individual capacity only. For relief, he seeks $5,000,000.00 in damages.

    **A.    New Haven Police Department**

The captions of both second amended complaints include the New Haven Police Department as a defendant. The plaintiff does not refer to the New Haven Police Department in the body of either second amended complaint or assert facts to suggest that the Department violated his federally or constitutionally protected rights or his rights under state law.

To state a claim under section 1983, a plaintiff must allege facts showing that the defendant, a person acting under color of state, law deprived him of a federally or constitutionally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). Although the Supreme Court has held that a municipality is "to be included among those persons to whom § 1983 applies," *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978), a municipal police department is not a municipality. Rather, a police department "is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function." *Reed v. Hartford Police Dep't*, No. 3:03-CV-2147 (SRU), 2004 WL 813028, at *2 (D. Conn, Apr. 6, 2004) (citation omitted). Because a municipal police department is not an independent governmental entity it is not considered to be a person under section 1983. *Id.*

5

("Other courts addressing this issue concur that a municipal police department is not a "person" within the meaning of section 1983 and not subject to suit.") (collecting cases). To the extent that the plaintiff intended to name the New Haven Police Department as a defendant, all claims asserted against it are dismissed with prejudice pursuant to *See* 28 U.S.C. § 1915A(b)(1).

### B.  New Haven Police Officer John Doe

The plaintiff alleges that Officer Doe included false statements in his affidavit submitted in support of the warrant for his arrest. The plaintiff claims that absent the false statements, no probable cause existed to issue the arrest warrant, to arrest him, or to prosecute him on murder and weapons charges.

#### 1.  Fourteenth Amendment

The plaintiff contends that Police Officer Doe violated his right to substantive due process under the Fourteenth Amendment by failing to follow protocol in conducting his investigation prior to seeking the warrant for his arrest. The plaintiff further claims that his false and malicious prosecution constituted a deprivation of life and liberty in violation of his Fourteenth Amendment due process rights.

The Supreme Court has observed that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing ... claims." *Albright v. Oliver*, 510 U.S. 266, 268, 273 (1994). The plaintiff alleges that Police Officer Doe was reckless in conducting his investigation and that the affidavit filed in support of the warrant for his arrest was based on false and unsupported information and statements. Thus, his arrest and prosecution were not supported by probable

cause. An allegation that a criminal prosecution was initiated without probable cause arises under the Fourth Amendment rather than the Fourteenth Amendment's substantive due process clause. *Id.* at 273 (no "substantive [due process] right under ... the Fourteenth Amendment to be free from criminal prosecution except upon probable cause," because "[t]he Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it").

Because the Fourth Amendment provides protections against unlawful arrests and prosecutions without probable cause, the Court dismisses the deprivation of life and liberty and reckless investigation claims to the extent that they are asserted as substantive due process claims under the Fourteenth Amendment. *See, e.g.*, *Campbell v. City of New York*, 16-CV-7201 (NGG) (SMG), 2019 WL 569768, at *8 & n.5 (E.D.N.Y. Feb. 11, 2019) ("In this case, Plaintiff was seized—whether constitutionally or otherwise. Her claims arise from that seizure, and therefore fall squarely within the ambit of the Fourth Amendment. She cannot raise an independent claim for reckless investigation under the Due Process Clause.") (collecting cases in which courts in the Second Circuit "declined to consider failure to investigate and reckless investigation claims under substantive due process on similar grounds"); *Simons v. New York,* 472 F. Supp. 2d 253, 265 (N.D.N.Y. 2007) (dismissing substantive due process claim where the Fourth Amendment provided an explicit textual source of protection against pretrial deprivations of liberty, including false arrest, and was proper guide for analyzing plaintiffs' constitutional claims), *aff'd sub nom*. *Simons v. Fitzgerald*, 287 F. App'x 924 (2d Cir. 2008).

  **2.**  **Fourth Amendment**

The Second Circuit has held that claims for false arrest or malicious prosecution asserted under § 1983 "to vindicate the Fourth … Amendment right to be free from unreasonable

seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (citations omitted). To state a false arrest or a malicious prosecution claim under section 1983 in Connecticut, a plaintiff must not only plead facts to satisfy the elements of a false arrest claim or a malicious prosecution claim under Connecticut law but must also plead facts to demonstrate "an unreasonable deprivation of liberty in violation of the Fourth Amendment." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (summary order).

Under Connecticut law, "[f]alse imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another." *Pizarro v. Kasperzyk*, 596 F. Supp. 2d 314, 318 (D. Conn. 2009) (quoting *Green v. Donroe*, 186 Conn. 265, 267, 440 A.2d 973, 974 (1982)). A plaintiff bringing a false arrest or false imprisonment claim under Connecticut law must have had the underlying charges terminated in his or her favor. *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (summary order) (noting favorable termination is an element of a section 1983 claim "sounding in false imprisonment or false arrest" under Connecticut law). To state a claim for malicious prosecution under Connecticut law, a plaintiff must prove four elements: "'(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice.'" *Spak v. Phillips*, 857 F.3d 458, 461 n.1 (2d Cir. 2017) (quoting *Brooks v. Sweeney*, 299 Conn. 196, 210–11, 9 A.3d 347, 357 (2010)).

Generally, probable cause to arrest exists when the officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of

8

reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007) (citations omitted); *see also Bhatia v. Debek*, 287 Conn. 397, 410, 948 A.2d 1009, 1020 (2008) (explaining in malicious prosecution context that under Connecticut law, "[p]robable cause has been defined as the knowledge of facts sufficient to justify a reasonable [person] in the belief that he has reasonable grounds for prosecuting an action."). An arresting officer only needs "probable cause [to make a lawful arrest], he need not also believe with certainty that the arrestee will be successfully prosecuted." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001).

An arrest made pursuant to a warrant issued by a neutral magistrate is presumed reasonable because such warrants may issue only upon a showing of probable cause. *Walczyk*, 496 F.3d at 155–56. A plaintiff may defeat that presumption by showing that the defendant officer "(1) knowingly and deliberately, or with a reckless disregard of the truth, procured the warrant, (2) based on false statements or material omissions, that (3) were necessary to the finding of probable cause." *Id.* (quoting *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994)). "Recklessness may be inferred where the omitted information was clearly critical to the probable cause determination." *Rivera v. United States*, 928 F.2d 592, 604 (2d Cir. 1991) (internal quotation marks and citations omitted).

The plaintiff alleges that Police Officer Doe included statements that he knew were false or were unsupported by any evidence in his affidavit in support of the arrest warrant. The plaintiff contends that the false statements and information were essential to the finding of probable cause by the judge who issued the warrant for his arrest. Furthermore, a jury acquitted him of the murder and firearms charges for which he was arrested and prosecuted. These

9

allegations are sufficient to state claims for false arrest and malicious prosecution under Connecticut law against Officer John Doe.

However, to state a Fourth Amendment claim of unlawful arrest or prosecution, the plaintiff must also allege that he suffered a deprivation of liberty. If a plaintiff is already in custody or incarcerated on other criminal charges at the time of his or her arrest and prosecution, no deprivation of his or her liberty interests occurs. *See, e.g., Arnold v. Geary*, 582 F. App'x 42, 42–43 (2d Cir. 2014) (summary order) ("To succeed on a claim for false arrest or malicious prosecution pursuant to 42 U.S.C. § 1983, a plaintiff must establish, *inter alia,* an unreasonable deprivation of liberty in violation of the Fourth Amendment. A Section 1983 plaintiff has to also demonstrate that the defendant's alleged misconduct was both the 'but for' and the proximate cause of his injury. . . . [W]e conclude that the District Court properly dismissed Arnold's claims for false arrest and malicious prosecution. As the District Court found, Arnold cannot show that his misdemeanor arrest deprived him of liberty because he was in custody on a previous robbery charge for the entire period that he was in custody for his misdemeanor charges.") (citations omitted); *Walker v. Sankhi*, 494 F. App'x 140, 142-43 (2d Cir. 2012) (malicious prosecution claim failed because "Walker could not have suffered a deprivation of liberty as a result of the Bellamy burglary charge because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate burglary charge, of which he was ultimately convicted"); *Perez v. Kruger*, No. 12-CV-740-LJV-LGF, 2021 WL 1600300, at *3–4 (W.D.N.Y. Apr. 23, 2021) ("When Perez was arrested and prosecuted because of the January 26 incident, he was 12 years into a 25-year sentence. . . . Because Perez already was incarcerated, being arrested and having to appear in court did not deprive him of a constitutionally-protected

liberty interest."); *Parker v. City of N.Y.*, 2008 WL 110904, at *9 (S.D.N.Y. Jan 7, 2008) ("It is undisputed that, on the date he was arrested for the assault[,] ... [the plaintiff] was already in state custody and in the middle of trial on unrelated criminal drug charges" and therefore could not bring false arrest and malicious prosecution claims based on the assault charge).

The Connecticut Judicial Branch website reflects that the State of Connecticut charged the plaintiff with separate counts of possession of narcotics with intent to sell in violation of Connecticut General Statutes § 21a-277(a) in three cases stemming from arrests of the plaintiff by New Haven Police officers that occurred on December 29, 2015, February 16, 2016, and October 6, 2016. *See State v. Spears*, Docket Nos. N23N-CR15-0163261-S; N23N-CR16-0164764-S; N23N-CR16-0170574-S. On January 19, 2017 a judge sentenced the plaintiff to a term of imprisonment of two years in *State v. Spears*, Docket No. N23N-CR16-0170574-S and terms of imprisonment of sixty-six months in *State v. Spears*, Docket Nos. N23N-CR15-0163261-S and N23N-CR16-0164764-S.  On December 21, 2017, New Haven Police officers arrested the plaintiff on charges of criminal possession of a firearm or ammunition and illegal transfer or purchase of a pistol or revolver in violation of Connecticut General Statutes §§ 53a-217 and 29-33.  *See State v. Spears*, Docket No. N23N-CR17-0181579-S.  On July 15, 2019, a judge sentenced the plaintiff to five years of imprisonment on the criminal charges for which he was arrested on December 21, 2017. [1]   *Id.*

The State of Connecticut Department of Correction website indicates that the plaintiff was last admitted to a Department of Correction facility on October 7, 2016 and is serving a 10

---

[1] Information pertaining to these four criminal cases may be found at: https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp.  (Last visited May 7, 2021).  The Court may take judicial notice of information on the Connecticut Judicial Branch's website.

½ year sentence for the sale of narcotics that was imposed on January 9, 2017.  *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=213492 (last visited May 5, 2021).  His projected release date is December 23, 2026.  *Id.*

Based on this information, it is apparent that at the time of the plaintiff's arrest, on an unspecified date in 2017, on murder and firearms charges, he was in custody pursuant to his arrest on October 6, 2016 on another unrelated criminal charge or had been convicted and sentenced to terms of imprisonment of from two to five and ½ years on this unrelated charge and other unrelated criminal charges.  He alleges that a jury acquitted him of the charges of murder and possession of firearms in mid-May 2019.  Given the plaintiff's prior arrests and 5 ½ year sentences, the plaintiff's arrest in 2017 on these charges and his subsequent detention pursuant to that arrest and prosecution did not deprive him of his liberty, which is fatal to a Fourth Amendment false arrest claim or a malicious prosecution claim.  Because the plaintiff proceeds *pro se*, the Court will permit him twenty days to show cause why the Fourth Amendment false arrest and malicious prosecution claims asserted against New Haven Police Officer Doe should not be dismissed.

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

All claims asserted against the New Haven Police Department and the Fourteenth Amendment substantive due process claim asserted against New Haven Police Officer John Doe are **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b)(1).  The Court permits the plaintiff twenty days to show cause why the Fourth Amendment claims for false arrest and malicious prosecution that are asserted against New Haven Police Officer John Doe should not be

dismissed for failure to demonstrate a deprivation of liberty caused by his arrest in 2017 on murder and firearms charges and the prosecution of those charges against him.

SO ORDERED at Hartford, Connecticut this 10th day of May, 2021.

_____/s/_____
Michael P. Shea
United States District Judge