UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYRONE SPEARS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:20cv1652 (MPS) |
| | : |
| NEW HAVEN POLICE DEP'T, ET AL.<br>    Defendants. | :<br>: |

## RULING ON MOTION FOR LEAVE TO AMEND

The plaintiff, Tyrone Spears, is currently confined at Brooklyn Correctional Institution in Brooklyn, Connecticut. Pending before the Court is the plaintiff's motion for leave to amend. For the reasons set forth below, the motion is denied and the Fourth Amendment false arrest and malicious prosecution claims asserted in the second amended complaints are dismissed.

**I.     Background**

In February 2021, the plaintiff filed two second amended complaints naming the New Haven Police Department and New Haven Police Officer John Doe as defendants. *See* ECF Nos. 17, 18. The plaintiff alleged that in 2017, New Haven Police Officer John Doe interviewed him in connection with a murder. ECF No. 17 at 3. During the interview, Officer Doe stated that he had eliminated two other suspects because they both had alibis for the date of the murder and that all the evidence pointed to the plaintiff as the shooter. *Id.* at 3, 5. Officer Doe did not provide the plaintiff with anything to eat or drink or permit him to use the bathroom. ECF No. 18 at 6. At the end of the interview, New Haven Police Officer John Doe executed a warrant for the plaintiff's arrest on charges of murder and possession of firearms. ECF No. 17 at 3. At the plaintiff's state criminal trial in mid-May 2019, Officer John Doe testified that although he had stated in the affidavit in support to the warrant for the plaintiff's arrest that he had interviewed

two other individuals in connection with the murder but had cleared both individuals as possible suspects, he actually interviewed only one of the two potential suspects over the phone and neither suspect ever came into the station to provide a written statement.  *Id.*; ECF No. 18 at 3, 6.  Officer Doe also acknowledged that the firearm mentioned in the arrest warrant affidavit was evidence in a federal investigation and was not related to the murder that he had charged the plaintiff with committing.  *Id.*  An expert witness testified that the records of the plaintiff's cellular telephone calls indicated that he was not present in the area at the time of the murder.  ECF No. 17 at 5.  At the conclusion of the trial, the jury acquitted the plaintiff of all criminal charges.  ECF Nos. 17, 18 at 3.  The plaintiff asserted Fourth Amendment false arrest and malicious prosecution claims, a Fourteenth Amendment substantive due process claim, and state law claims of negligent and intentional infliction of emotional distress.

After reviewing the second amended complaints under 28 U.S.C. § 1915A(b)(1), I dismissed all claims asserted against the New Haven Police Department and the Fourteenth Amendment substantive due process claim asserted against New Haven Police Officer John Doe with prejudice and permitted the plaintiff twenty days to show cause why the Fourth Amendment claims for false arrest and malicious prosecution asserted against New Haven Police Officer John Doe should not be dismissed for failure to demonstrate a deprivation of liberty caused by the plaintiff's arrest in 2017 on murder and firearms charges and the prosecution of those charges against him until May 2019.  *See* ECF No. 20 at 12-13.  In response to the order to show cause, the plaintiff moves for leave to file a third amended complaint.

**II.**   **Discussion**

The plaintiff contends that the third amended complaint, which includes additional facts,

new legal claims, and three new defendants, will "fix" the deficiencies identified by the Court in its prior order. Mot. Amend., ECF No. 21, at 1. Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading more than once "only with the opposing party's written consent or the court's leave." At the same time, the rule instructs that Courts should "freely give" leave to amend "when justice so requires." Rule 15(a)(2).

The proposed third amended complaint adds the City of New Haven, Correctional Officer/FBI Agent Barnett, and FBI Agent Mark Vere as defendants, eliminates the New Haven Police Department as a defendant, and identifies the John Doe New Haven police officer who arrested the plaintiff in 2017 for murder as Detective Wuchek. *See* ECF No. 21-1, at 2. The plaintiff alleges that in 2017, after he had been sentenced on other criminal charges for which he had been arrested in 2016, Detective Wuchek together with Correctional Officer/FBI Agent Barnett interviewed him at Brooklyn Correctional Institution about his involvement in a murder. *Id.* ¶¶ 6-7. During the interview, the plaintiff requested to speak to an attorney and at the conclusion of the interview, Detective Wuchek stated that he would set the plaintiff up for the murder. *Id.* ¶¶ 8, 10. Three weeks after the interview, law enforcement officers arrested the plaintiff on the charge of murder. *Id.* ¶ 11.

The plaintiff's criminal trial began in April 2019. *Id.* ¶ 24. At the end May 2019, the jury acquitted the plaintiff of the murder charge. *Id.* The plaintiff includes the following additional facts: he sold a 38-caliber revolver to a federal informant on September 25, 2016; the federal informant's handler was FBI Agent Vere; the two other murder suspects interviewed or contacted by Detective Wuchek were federal informants who were also handled by FBI Agent Vere; at some point prior to the plaintiff's arrest in 2017, FBI Agent Vere gave Detective

3

Wuchek the firearm that the plaintiff had sold to a federal informant in September 2016; and the autopsy performed on the murder victim revealed that the gun used was a nine millimeter pistol. *Id.* ¶¶ 12-16, 18.

The plaintiff reasserts his claims Fourth and Fourteenth Amendment claims that no probable cause existed to arrest and prosecute him because Detective Wuchek included false statements or omitted material information from the affidavit in support of the warrant for his arrest on the charge of murder. *Id.* ¶¶ 17-28. The plaintiff also reasserts his state law tort claim of intentional infliction of emotional distress and adds a state law defamation claim. *Id.* ¶¶ 29-32. Although the plaintiff refers to the Fifth Amendment in the introductory paragraph of the proposed third amended complaint, he does not otherwise mention the Fifth Amendment in the body of the amended complaint or in his description of legal claims. *Id.* at 1 & ¶¶ 6-32.

The plaintiff's request for leave to file a third amended complaint to add three new defendants and new federal and state law claims is not responsive to the Court's order to show cause. The plaintiff has asserted no facts to suggest that I should not dismiss the Fourth Amendment false arrest and malicious prosecution claims asserted in the second amended complaints on the ground that his arrest in 2017 and prosecution on a murder charge until his acquittal in May 2019 did not deprive him of his liberty because he was serving another criminal sentence during this period. The plaintiff concedes that he had been arrested, convicted, and sentenced prior to his arrest on the murder charge in 2017. *Id.* ¶ 7. As indicated in my review of the second amended complaints, the Connecticut Judicial Branch website reflects that the State charged the plaintiff with separate counts of possession of narcotics with intent to sell in violation of Connecticut General Statutes § 21a-277(a) in three cases stemming from arrests of

4

the plaintiff by New Haven Police officers that occurred on December 29, 2015, February 16, 2016, and October 6, 2016. *See State v. Spears*, Docket Nos. N23N-CR15-0163261-S; N23N-CR16-0164764-S; N23N-CR16-0170574-S. On January 19, 2017 a judge sentenced the plaintiff to a term of imprisonment of two years in *State v. Spears*, Docket No. N23N-CR16-0170574-S and terms of imprisonment of five and a half years in *State v. Spears*, Docket Nos. N23N-CR15-0163261-S and N23N-CR16-0164764-S.[1]  *Id.*

Because the plaintiff has not alleged or asserted facts to suggest that his arrest in 2017 on a murder charge or his prosecution on that charge until the end of May 2019 deprived him of his liberty, the Fourth Amendment false arrest and malicious prosecution claims asserted in the second amended complaints are dismissed under 28 U.S.C. § 1915A(b)(1). *See, e.g.*, *Arnold v. Geary*, 582 F. App'x 42, 42–43 (2d Cir. 2014) (summary order) ("To succeed on a claim for false arrest or malicious prosecution pursuant to 42 U.S.C. § 1983, a plaintiff must establish, *inter alia,* an unreasonable deprivation of liberty in violation of the Fourth Amendment. . . .  [W]e concluded that the District Court properly dismissed Arnold's claims for false arrest and malicious prosecution. As the District Court found, Arnold cannot show that his misdemeanor arrest deprived him of liberty because he was in custody on a previous robbery charge for the entire period that he was in custody for his misdemeanor charges.") (citations omitted); *Walker v. Sankhi*, 494 F. App'x 140, 142-43 (2d Cir. 2012) (summary order)  (malicious prosecution claim failed because "Walker could not have suffered a deprivation of liberty as a result of the Bellamy burglary charge because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate burglary charge, of which he was ultimately

---

[1]  Information pertaining to these three criminal cases may be found at: https://www.jud2.ct.gov/crdockets/SearchByDefDisp.aspx. (Last visited August 2, 2021).

convicted"); *Perez v. Kruger*, No. 12-CV-740-LJV-LGF, 2021 WL 1600300, at *3–4 (W.D.N.Y. Apr. 23, 2021) ("When Perez was arrested and prosecuted because of the January 26 incident, he was 12 years into a 25-year sentence. . . . Because Perez already was incarcerated, being arrested and having to appear in court did not deprive him of a constitutionally-protected liberty interest."); *Parker v. City of N.Y.*, No. 05 Civ. 1803(PKC)(GWG), 2008 WL 110904, at *9 (S.D.N.Y. Jan 7, 2008) ("It is undisputed that, on the date he was arrested for the assault[,] ... [the plaintiff] was already in state custody and in the middle of trial on unrelated criminal drug charges" and therefore could not bring false arrest and malicious prosecution claims based on the assault charge). I decline to exercise supplemental jurisdiction over the plaintiff's state law claims of negligent and intentional infliction of emotional distress asserted in the second amended complaints and dismiss those claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("[A] district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction.").

In view of the dismissal of the Fourth Amendment false arrest and malicious prosecution claims asserted in the second amended complaints and my decision to decline to exercise supplemental jurisdiction over the state law claims of intentional and negligent infliction of emotional distress, I find that it would be futile to permit the plaintiff to file a third amended complaint to reassert the same false arrest and malicious prosecution claims against Detective Wucheck and three new individuals, who were allegedly involved in the plaintiff's 2017 arrest and prosecution, and to add a Fifth Amendment claim and a new state law claim. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave [to amend] for good reason, including futility, bad faith, undue delay, or undue

6

prejudice to the opposing party.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).").

The plaintiff does not articulate the basis for his Fifth Amendment claim. Although he asserts that during an interview in 2017, three weeks prior to his arrest on a murder charge, FBI Agents Vere and Barnett continued to question him even after he invoked his right to counsel, he does not allege that he made any statements to the defendants during this interview that were used against him in his subsequent criminal trial. ECF No. 21-1 ¶¶ 8-10. Thus, the plaintiff has failed to state a claim of a violation of his rights under the Fifth Amendment. *See, e.g.*, *Chavez v. Martinez*, 538 U.S. 760, 766–767 (2003) ("mere coercion [to self-incriminate] does not violate the text of the Self–Incrimination Clause absent use of the compelled statements in a criminal case"). Furthermore, the appropriate remedy for a Fifth Amendment claim alleging that a police officer interrogated a defendant after he had invoked his right to counsel under *Miranda v. Arizona*, 384 U.S. 436, 473-744 (1966) is the exclusion of the evidence following a suppression hearing, not a cause of action for damages under Section 1983. *See, e.g.*, *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 350 (2d Cir. 1998) ("any claim that a statement was unconstitutionally taken in the absence of counsel is properly remedied by suppression following a *Huntley* hearing"); *Neighbour v. Covert*, 68 F.3d 1508, 1510–11 (2d Cir. 1995) (per curiam) ("The remedy for a *Miranda* violation is the exclusion from evidence of any ensuing self-incriminating statements.... Since [the plaintiff] had not been arrested or charged with any crime at the time of questioning, her Sixth Amendment rights had yet to attach."); *London v. Nassau*

7

*Cty. Dist. Attorney's Off.*, No. 20-CV-3988(JS)(AKT), 2020 WL 7699644, at *5–6 (E.D.N.Y. Dec. 28, 2020) ("Similarly, the questioning of Plaintiff after he allegedly requested counsel does not give rise to a plausible Section 1983 claim."); *Hennessy v. Alossa*, Civ. No. 1:19-CV-1027 (BKS/DJS), 2019 WL 6137375, at *3–4 (N.D.N.Y. Oct. 4, 2019) (Although "Complaint could be read to allege that while being interrogated he requested, but was denied, the assistance of counsel" in violation of his Fifth Amendment right against self-incrimination, "[s]uch a claim, however, is not actionable as the 'appropriate remedy' to address such a violation would be suppression of improperly obtained evidence in the criminal proceeding, not a section 1983 action."), *report and recommendation adopted*, 2019 WL 6134152 (N.D.N.Y. Nov. 19, 2019.). Thus, any claim that Vere and Barnett violated the plaintiff's Fifth Amendment rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) is not plausible.

To the extent that the plaintiff is attempting to assert a substantive due process claim under the Fifth Amendment against FBI Agent Vere and Correctional Officer/FBI Agent Barnett, as federal employees, due to their alleged involvement in his arrest and detention on a murder charge, the Court dismissed a similar claim asserted in the second amended complaints under the Fourteenth Amendment against Detective Wuchek because it was duplicative of the Fourth Amendment claim that Wuchek had arrested and prosecuted him without probable cause. *See* ECF No. 20, at 6-7. For the same reasons, a Fifth Amendment substantive due process claim asserted against FBI Agents Vere and Barnett would be duplicative of the Fourth Amendment unlawful arrest and prosecution claim asserted against them.

Given the dismissal of the Fourth Amendment false arrest and malicious prosecution claims and the lack of plausibility of any Fifth Amendment claim, the Court would not be

8

inclined to exercise supplemental jurisdiction over the new state law defamation claim. Accordingly, it would not be in the interests of justice to permit the plaintiff to file a third amended complaint and the motion for leave to amend is denied.

## ORDERS

Pursuant to the foregoing analysis, the Fourth Amendment claims for false arrest and malicious prosecution asserted in the Second Amended Complaints, [**ECF Nos. 17, 18**], against New Haven Police Officer John Doe, now identified as Detective Wuchek, are **DISMISSED** under 28 U.S.C. § 1915A(b)(1) because the plaintiff has failed to assert facts to demonstrate a deprivation of liberty caused by his arrest in 2017 on murder and firearms charges and the prosecution of those charges against him until May 2019.  Pursuant to my prior ruling addressing the claims asserted in the Second Amended Complaints, [**ECF Nos. 17, 18**], all federal claims against the New Haven Police Department and the Fourteenth Amendment substantive due process claim against New Haven Police Officer John Doe, now identified as Detective Wuchek, are **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b)(1).  *See* ECF No. 20 at 12.  I decline to exercise supplemental jurisdiction over the state law claims asserted in the second amended complaints and dismiss those claims without prejudice.  *See* 28 U.S.C. § 1367(c)(3). The Motion to Amend, [**ECF No. 24**], is **DENIED** because it would be futile to permit the plaintiff to file a third amended complaint.  The Clerk is directed to enter judgment for the defendants and to close the case.

SO ORDERED at Hartford, Connecticut this 10th day of August, 2021.

_____/s/_____
Michael P. Shea
United States District Judge